66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gregoria L. FLORIDA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3491.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Gregorio L. Florida was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Florida has not responded.
 
 
 2
 Florida was employed by the Department of the Navy in Subic Bay, Philippines from 1955 until his retirement in 1991. Subsequently, Florida applied for retirement benefits under the CSRA. OPM denied Florida's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Florida's service from 1955 until 1989 was under a series of appointments limited to one year or less or indefinite, excepted appointments, all of which were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1) and (a)(13). The AJ also determined that Florida's service from 1989 until 1991 was under an appointment described as "excepted," but found that the appointment was not covered by the CSRA because his SF-50 forms indicated that he received alternative retirement coverage and that retirement deductions had not been taken from his pay for that period of service. Thus, the AJ concluded that Florida had never been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Florida petitioned this court for review.
 
 
 3
 This court recently considered the issues raised by Florida. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Florida was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that Rosete is dispositive and that summary disposition is warranted. From 1955 until 1989, Florida served either under Rosete-like indefinite appointments or under temporary appointments that are specifically excluded from CSRA coverage by statute. See 5 U.S.C. Sec. 8347(g). Further, with regard to Florida's service from 1989 until 1991, the Board found that although Florida was placed in a tenure group described as "permanent," there was no evidence that Florida made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA. In Rosete, we stated that tenure grouping could be circumstantial evidence that the employee did not hold an indefinite appointment only if the employee was at any time subject to the CSRS and the employee's personnel record was incomplete as to evidence. Rosete, 48 F.3d at 519-20. The AJ specifically found that Florida was not subject to the CSRS.
 
 
 5
 In his informal brief, Florida argues that he was not excluded from coverage because his tenure of employment was for "an unlimited period of time." However, we recognized in Rosete that tenure status alone does not determine eligibility for CSRA benefits. Rosete, 48 F.3d at 519-20.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.